UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. BANKS, | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 24-cv-2153 |
| ROB JEFFREYS, *et al.*, | ) |
| **Defendants.** | ) |

### MERIT REVIEW AND CASE MANAGEMENT ORDER

Plaintiff, who is incarcerated at Danville Correctional Center ("Danville"), proceeds *pro se* on an action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. 1). Plaintiff asks the Court to appoint counsel to represent him and to proceed *in forma pauperis*. (Docs. 7 and 9).

### Petition to Proceed *in forma pauperis* (Doc. 9)

Prior to conducting a merit review of his Complaint under 28 U.S.C. § 1915A, the Court must first determine if Plaintiff has made the requisite showing that he is "under imminent danger of serious physical injury" because at least three of Plaintiff's prior lawsuits were dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *see Banks v. Devine, et al.*, Case No. 02-4271 (N.D. Ill. June 21, 2002); *Banks v. Crane, et al.*, Case No. 02-4269 (N.D. Ill. June 24, 2002); *Banks v. Gallagher, et al.*, Case No. 02-4156 (N.D. Ill. July 23, 2003); and *Banks v. Cook Cty. Cir, Ct., et al.*, Case No. 17-1799 (N.D. Ill. Apr. 27, 2017).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

§ 1915(g). Plaintiff can only proceed *in forma pauperis* if his Complaint sufficiently alleges that he is under imminent danger of serious physical injury. The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice. *Heimermann*, 337 F.3d at 782. The second prong, danger, must be of "serious physical injury." § 1915(g); *Fletcher v. Deathridge*, No. 07-1231, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008). "Finally, the Seventh Circuit has recognized that courts deny leave to proceed in forma pauperis 'when prisoner's claims of imminent danger are conclusory or ridiculous.'" *Id.* (quoting *Ciarpaglini*, 352 F.3d at 330).

Here, Plaintiff alleges he was sent to Richland Memorial Hospital for hernia surgery on September 29, 2021. Plaintiff alleges the surgeon, Defendant Travis Graham Petricek, forced a scope or tube down his throat during the surgery, which caused irreparable damage. Plaintiff alleges Defendant Petricek did not repair his hernia.

Plaintiff also alleges he was sent to Carle Memorial Hospital in March 2023 because the unrepaired hernia caused a blood clot in his leg. Subsequently, Plaintiff needed to use a walker to help him balance and walk.

Plaintiff alleges his hernia has not been repaired; he continues to experience excruciating pain; and has blood in his stool. Plaintiff alleges twenty-eight Defendants, including various IDOC officials and hospital employees, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by delaying a referral for a surgical consultation and denying surgery to repair his hernia.

Reading Plaintiff's allegations liberally due to Plaintiff's *pro se* status, the Court finds that Plaintiff sufficiently alleged he is under imminent danger of serious physical injury given his allegations regarding his untreated hernia and severe pain. His Petition to Proceed *in forma pauperis* is GRANTED.

If Defendants contest Plaintiff's claims of imminent danger, they must bring their challenge to Plaintiff's allegations to the Court's attention within twenty-one days of being served with Plaintiff's Complaint. *See Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) (noting agreement with district court that "when a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict.").

**Merit Review Order (Doc. 1)**

The Court must now screen Plaintiff's Complaint under 28 U.S.C. § 1915A, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff names twenty-eight Defendants, including former Illinois Department of Corrections ("IDOC") Director Rob Jeffreys, Wexford Health Sources Inc ("Wexford"), Acting IDOC Director LaToya Hughes, surgeons Travis Graham Petricek and Brian Robert Beeman, Dr. Yoko Savino, nurse practitioners Carissa Luking and Melissa Wise, medical assistant Stephanie

Zruber, Dr. Cher Childress, physician Kelly Cunningham, CMA assistant Ashley Maurer, ARB members Ryan Kilduff and Jeremy Bonnett, counselors M Erwin, Angela Smith, Jeremy Gooch, J Garrett, and L Livingston, HCU Administrator Jennifer Chacon, Warden Felicia Adkins, lab tech Lawrence Rossi, Doris Williams, Lab Director Lorine LaGatta, APRN Toni Garren, Dr. Jonathan Ek, Don Lackey, and the IDOC.

Plaintiff's claim against Defendant Petricek, the surgeon who allegedly forced a scope in Plaintiff's throat during surgery, is barred by the statute of limitations. Plaintiff alleges the surgery occurred on September 29, 2021, which was more than two years before Plaintiff filed his Complaint on June 26, 2024. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). A claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)). "The statute of limitations is an affirmative defense, but if a plaintiff 'pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.'" *Bray v. Gary Police Dept. Chief*, No. 2:10-CV-229, 2010 WL 2674531, at *1 (N.D. Ind. June 28, 2010) (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993)). Defendant Petricek is DISMISSED.

Plaintiff sues numerous medical professionals employed by the IDOC and outside medical providers, but his allegations against Defendants Savino, Luking, Zruber, Childress, Cunningham, Maurer, Wise, Beeman, Rossi, Williams, LaGatta, Garren, and Lackey are too vague and insufficient to provide adequate notice to the Court and Defendants of his claims. Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to submit a short and plain statement of the claim

showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules…is to put the defendant on notice of the plaintiff's claim. *Ross Bros. Const. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Defendants Savino, Luking, Zruber, Childress, Cunningham, Maurer, Wise, Beeman, Rossi, Williams, LaGatta, Garren, and Lackey are DISMISSED.

Plaintiff sues Defendants Kilduff, Bonnett, Erwin, Smith, Chacon, Gooch, Garrett, Adkins, and Livingston based upon the alleged denial and/or mishandling of his grievances. "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez v. Feinerman*, 439 F. App'x 545, 547-48 (7th Cir. 2011) (citing *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008). "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez*, 439 F. App'x at 547 (citing *Owens*, 635 F.3d at 953-54); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005). Plaintiff does not allege that these Defendants were personally involved in his medical treatment. Plaintiff fails to state a deliberate indifference claim based solely on the alleged mishandling of his grievances. Defendants Kilduff, Bonnett, Erwin, Smith, Chacon, Gooch, Garrett, Adkins, and Livingston are DISMISSED.

Plaintiff claims Defendants IDOC Directors Jeffreys and Hughes are responsible for the overall operations of the IDOC and prison facilities and had a duty to provide constitutionally adequate medical care to incarcerated individuals. Defendants Jeffreys and Hughes cannot be held liable merely based on their supervisory position, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Furthermore, simply receiving grievances from a prisoner does not make a prison official liable for the alleged constitutional violation. *Norington v. Daniels*, No. 11- 282, 2011 WL 5101943, at *3 (N.D. Ind. Oct. 25, 2011); *see also Diaz v. McBride*, No. 93-176, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983 merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). Defendants Jeffreys and Hughes are DISMISSED.

Plaintiff also names the IDOC as a Defendant, but the IDOC is a state agency, and thus is not a "person" that can be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will*, 491 U.S. at 70-71). The IDOC is DISMISSED.

Plaintiff claims that Defendant Wexford is liable based on its custom, policy, and practice regarding hernias and the collegial review process. (Doc. 1 at p. 4). Private corporations have potential liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under § 1983, Wexford cannot be liable for the alleged misdeeds of its employees, as employees are responsible individually. *Lewis v. City of*

*Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). Wexford has potential liability only if it had an unconstitutional policy, practice, or custom which caused the constitutional deprivation. *Salcedo-Vazquez v. Nwaobasi*, No. 13- 606, 2015 WL 7177231, at *7 (S.D. Ill. Nov. 16, 2015) (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1024 (2015)). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff must plead a sufficient factual basis for a *Monell* claim, as it is not enough to merely plead the legal elements of the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011). Plaintiff's conclusory allegations are insufficient to place Wexford on notice of the claims against it. *See McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011) (a plaintiff must plead a sufficient factual basis for a *Monell* claim); *see also Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 672–73 (7th Cir. 2012) (bare allegations that Wexford had an unconstitutional policy or practice, "does not identify any concrete policy, let alone an unconstitutional one; it is more in the nature of an insult than the sort of allegation required by *Monell* and *Twombly*"). Defendant Wexford is DISMISSED.

Plaintiff alleges that Defendant Dr. Jonathan Ek, the physician at Danville, stated in April 2024, "that he would not 'recommend' [Plaintiff] to Wexford Health Services, Inc. for a 'hernia-repair surgery,' without a reason, to why not!" (Doc. 1 at p. 13). Plaintiff alleges he has been denied a referral for a surgical consultation to receive corrective surgery for his untreated hernia

7

and continues to experience severe pain, has blood in his stool, and faces a risk of developing additional blood clots.

A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

The Seventh Circuit has "recognized that 'a hernia can be an objectively serious medical problem' and that for some hernias, the 'chronic pain presents a separate objectively serious condition.'" *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 521 (7th Cir. 2019) (quoting *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011)). Construing Plaintiff's Complaint liberally, the Court finds that Plaintiff has stated a plausible Eighth Amendment deliberate indifference claim against Defendant Ek based upon his deliberate indifference to Plaintiff's hernia.

**Motion to Request Counsel (Doc. 7)**

Plaintiff also filed a Motion to Request Counsel. (Doc. 7). In considering Plaintiff's Motion, the Court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). Plaintiff did not include any information about the attorneys he contacted to seek representation. He simply stated, "See Exhibits," but no exhibits were attached to his Motion. (Doc. 7 at p. 1). Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Plaintiff's Motion to Request Counsel is DENIED with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendant Dr. Jonathan Ek based upon his alleged deliberate indifference to Plaintiff's hernia. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Jeffreys, Wexford, Hughes, Petricek, Savino, Luking, Zruber, Childress, Cunningham, Maurer, Wise, Beeman, Kilduff, Bonnett, Erwin, Smith, Chacon, Gooch, Garrett, Adkins, Rossi, Williams, LaGatta, Garren, Lackey, Livingston, and the IDOC are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE them as parties.

3) Plaintiff's Petition to Proceed *in forma pauperis* [9] is GRANTED. If Defendant Ek contests Plaintiff's claims of imminent danger, he must bring his challenge to Plaintiff's allegations to the Court's attention within twenty-one days of being served with Plaintiff's Compliant.

4) Plaintiff's Petition to Proceed *in forma pauperis* [5] filed on July 10, 2024, is MOOT.

5) Plaintiff's Motion to Request Counsel [7] is DENIED.

6) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion

requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

9) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

12) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) Plaintiff shall be provided a copy of all pertinent medical records upon request.

14) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

15) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 7/15/2024

s/ James E. Shadid
James E. Shadid
United States District Judge