UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL S. BANKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.                                   ) | Case No. 24-cv-2153 |
| ) | |
| **ROB JEFFREYS**, *et al.*,    ) | |
| ) | |
| **Defendants.**                  ) | |

### MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff Michael Banks, who is proceeding *pro se* and incarcerated at Danville Correctional Center ("Danville"), filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Doc. 25). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff files suit against Dr. Travis Graham Petricek, Dr. Jonathan Ek, Jennifer Chacon, Felicia Adkins, and Darcy Hinchman. Plaintiff alleges he was sent to the hospital for a hernia repair surgery on September 29, 2021. Before the procedure, Plaintiff informed the surgeon,

Defendant Dr. Petricek, that he was experiencing pain near his appendix. Plaintiff claims Defendant Petricek became angry and told Plaintiff he would not perform both procedures. Plaintiff claims that while he was anesthetized, Defendant Petricek forced a scope/tube down his throat, which caused permanent and irreparable damage to his throat. Plaintiff alleges Defendant Petricek failed to perform the hernia repair procedure, and he continues to experience excruciating pain from the unrepaired hernia.

Plaintiff alleges Defendant Dr. Ek, the physician at Danville, disregarded his complaints about his painful hernia and throat problems and refused to recommend to Wexford Health Sources ("Wexford") that Plaintiff receive hernia repair surgery in April 2024. Plaintiff claims he continues to experience severe pain and has blood in his stool on a daily basis.

Plaintiff alleges Defendant Chacon, the Healthcare Unit Administrator at Danville, knew about Plaintiff's unrepaired hernia, blood clots, bloody stools, and irreparable throat damage because she was responsible for overseeing the medical department at Danville. Plaintiff alleges Defendant Chacon discussed his untreated hernia with Defendant Dr. Ek, who informed her that he was not going to recommend that Plaintiff receive hernia repair surgery.

Plaintiff alleges Defendant Adkins, the Warden at Danville, was deliberately indifferent to his serious medical needs because, as the Chief Administrative Officer, she had the inherent power and authority to address any concerns about health-related matters. Plaintiff alleges Defendant Adkins is liable for failing to recommend to Wexford that Plaintiff receive hernia repair surgery. Plaintiff claims that Defendant Adkins received documentation from Defendants Dr. Ek, Chacon, and Hinchman informing her that the incidents occurred while Plaintiff was at Lawrence Correctional Center ("Lawrence") in 2021, over two years ago.

Plaintiff alleges Defendant Hinchman, a nurse a Danville, was deliberately indifferent to his serious medical needs by failing to provide treatment for his untreated hernia and irreparable throat damage because the issues occurred while he was incarcerated at Lawrence and not Danville.

## ANALYSIS

Deliberate indifference to a serious medical need violates an inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The Seventh Circuit has "recognized that 'a hernia can be an objectively serious medical problem' and that for some hernias, the 'chronic pain presents a separate objectively serious condition.'" *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 521 (7th Cir. 2019) (quoting *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011)).

To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal

recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

I. **Defendant Dr. Petricek**

Plaintiff's deliberate indifference claim against Defendant Dr. Petricek is barred by the two-year statute of limitations. The statute of limitations is an affirmative defense but can be raised by the Court if the defense is obvious from the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). Congress did not specify a statute of limitations for civil rights claims under § 1983. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). In determining the statute of limitations for § 1983 claims, federal courts have adopted the forum state's statute of limitations for personal injury claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202. Thus, a § 1983 claim in a United States District Court in Illinois must be filed within two years of the accrual of the claim. A claim accrues for statute of limitations purposes when a plaintiff knows of the fact and cause of an injury. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017).

Here, Plaintiff filed his initial Complaint on June 26, 2024. (Doc. 1). The most recent allegation against Defendant Petricek is when he allegedly caused irreparable damage to Plaintiff's throat during a hernia repair surgery on September 29, 2021, over two years before Plaintiff filed his Complaint. Therefore, Defendant Petricek is DISMISSED.

### II. Defendant Dr. Ek

The Court finds that Plaintiff has stated a plausible Eighth Amendment claim against Defendant Ek based upon his alleged deliberate indifference to Plaintiff's painful, untreated hernia and throat problems and his failure to refer Plaintiff for a hernia repair surgery in April 2024. *See Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014) (quoting *Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2011)) (decision to refer an inmate to a specialist is a matter of medical judgment and the "refusal to refer supports a claim of deliberate indifference only if that choice is 'blatantly inappropriate'").

### III. Defendants Chacon, Adkins, and Hinchman

Plaintiff's allegations against Defendants Chacon, Adkins, and Hinchman are too vague and insufficient to provide adequate notice to the Court and the Defendants of his claims. Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Bros. Const. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Additionally, Defendants Chacon and Adkins cannot be held liable based solely on their supervisory positions, as the doctrine of *respondeat*

5

*superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Defendants Chacon, Adkins, and Hinchman are DISMISSED.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has stated an Eighth Amendment claim against Defendant Dr. Jonathan Ek based upon his alleged deliberate indifference to Plaintiff's painful, untreated hernia and throat problems and his failure to refer Plaintiff for a hernia repair surgery. Additional claims shall not be included in the case above, except in the Court's discretion on a motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Dr. Travis Graham Petricek, Jennifer Chacon, Felicia Adkins, and Darcy Hinchman are DISMISSED WITHOUT PREJUDICE.

3) Defendant Ek returned an executed waiver of service of summons on July 17, 2024. (Doc. 13). No waiver needs to be issued.

4) Defendant Ek is directed to file an answer to Plaintiff's Second Amended Complaint within 30 days of this Order. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. After Defendant files an answer, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

5) This District uses electronic filing, which means that Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other

documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the Court has entered a scheduling order, which will explain the discovery process in more detail.

     6)    Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

     7)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

     8)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

ENTERED: 10/21/2024

                                                      s/ James E. Shadid
                                                      James E. Shadid
                                                      United States District Judge